VANITA GUPTA, Principal Deputy Assistant Attorney General for Civil Rights
SAMEENA SHINA MAJEED, Chief
R. TAMAR HAGLER, Deputy Chief
AURORA BRYANT, Trial Attorney
CHRISTOPHER BELEN, Trial Attorney
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Tel: (202) 616-2602
Fax: (202) 514-1116
Aurora.Bryant@usdoj.gov

DANIEL G. BOGDEN, United States Attorney
HOLLY A. VANCE, Assistant United States Attorney
100 West Liberty Street, Suite 600
Reno, Nevada
Tel: (775) 784-5438
Fax: (775) 784-5181

Attorneys for Plaintiff United States of America

```
FILED          ____ RECEIVED
____ ENTERED   ____ SERVED ON
               COUNSEL/PARTIES OF RECORD

       JUN 1 4 2016

   CLERK US DISTRICT COURT
     DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 3:15-CV-359-HDM-VPC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BETTY BRINSON and HUGHSTON ) | **CONSENT ORDER** |
| BRINSON, ) | |
| ) | |
| Defendants. ) | |

1

## I. BACKGROUND

1. The United States initiated this action on July 10, 2015, on behalf of Barbie Tese and Stephen Tese and their three minor children (the "Teses"), as well as other aggrieved persons, pursuant to Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("Fair Housing Act"), 42 U.S.C. §§ 3612(o) and 3614(a).

2. Defendants Betty Brinson and Hughston Brinson are residents of Nevada. Defendants own and/or manage residential rental units in and/or around Carson City, Nevada.

3. The United States, in its Complaint, alleges that Defendants refused to rent a "3 or 5" bedroom house located on Caroline Street in Carson City, Nevada, to Barbie Tese and Stephen Tese because they had children, in violation of 42 U.S.C. § 3604(a) and (c); and that Defendant Betty Brinson placed a series of printed and electronic advertisements indicating a preference against renting dwellings to families with children, constituting a pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, and/or a denial to a group of persons of rights granted by the Fair Housing Act that raises an issue of general public importance.

4. The parties stipulate that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 3612(o) and 3614(a).

5. In an effort to avoid costly litigation, the parties have voluntarily agreed, as indicated by the signatures below, to resolve the United States' claims against Defendants without the necessity of a hearing on the merits and without admission of liability or wrongdoing on the part of Defendants.

Wherefore, it is ORDERED, ADJUDGED, and DECREED:

## II. GENERAL INJUNCTION

6. Defendants, along with their agents, employees, successors, and all persons in active concert with Defendants in their ownership, operation, or management of rental housing, are enjoined from:

   a. refusing to rent after the making of a bona fide offer, or refusing to negotiate for the rental of, or otherwise making unavailable or denying, a dwelling to any person because of familial status in violation of 42 U.S.C. § 3604(a); and

   c. making, printing, or publishing, or causing to be made, printed, or published any notice, statement, or advertisement with respect to the rental of a dwelling that indicates any preference, limitation, or discrimination based on familial status in violation of 42 U.S.C. § 3604(c).

7. Upon entry of this Consent Order, Defendants shall implement the Non-Discrimination Policy appearing at **Appendix A** at all properties owned and/or managed, in full or in part, by any Defendant.

## III. NOTICE OF NON-DISCRIMINATION POLICY

8. Within thirty (30) days of the date of entry of this Consent Order, Defendants shall take the following steps to notify the public of their non-discrimination policy:

   a. Post and prominently display in all offices or areas Defendants may currently or subsequently use for the rental of dwellings, a sign no smaller than ten (10) inches by fourteen (14) inches indicating that all dwellings are available

for rental on a nondiscriminatory basis. A poster that comports with 24 C.F.R. Part 110 will satisfy this requirement.

  b. Include the following written statement in all advertisements for rentals, including advertisements in newspapers, Internet web pages, flyers, handouts, telephone directories and other written materials, and on all rental applications and all leases: "We are an equal opportunity housing provider. We do not discriminate on the basis of race, color, religion, sex, disability, familial status (having children under age 18), or national origin."

### IV. MANDATORY TRAINING

9. Within ninety (90) days after the entry of this Consent Order, Defendants Betty Brinson and Hughston Brinson, and any individual who works with or for either Defendant performing advertisement, rental, management, and/or administrative duties with respect to the rental of housing owned and/or managed by either Defendant shall attend an educational program offering instruction regarding their obligations under this Order and the federal Fair Housing Act. Defendants shall pay the cost of this educational program. The United States shall review and approve the content and form of the program. The trainer or training entity shall be qualified to perform such training, independent of Defendants and their counsel, and approved in advance by the United States.

10. Any individuals hired or contracted to work with or for either Defendant who will perform advertisement, rental, management, and/or administrative duties with respect to the rental of housing owned and/or managed by either Defendant shall attend the fair housing training program described in the above paragraph within thirty (30) days of the start of their employment or contract. Defendants shall bear any costs associated with this training.

11.  Within ten (10) days of completing the educational program described in the above paragraphs in this section, each individual shall certify that he or she has participated in the educational training program, and understands and acknowledges his or her duties and responsibilities under this Order and the federal Fair Housing Act, by completing an acknowledgement in the form of **Appendix B** to this Order.

V.  **REPORTING AND RECORD-KEEPING REQUIREMENTS**

12.  Within one hundred twenty (120) days of the date of entry of this Consent Order, and thereafter on the anniversary of the date of the entry of this Order, Defendants shall submit to counsel for the United States a compliance report, except that the final report shall be submitted sixty (60) days prior to the expiration of this Order.[1] The compliance report shall include: (a) copies of any training certifications completed as required by § IV, *supra*; (b) copies of any advertising for rental housing owned and/or managed by Defendants in newspapers, in telephone directories, on radio or television, on the Internet, or in other media published since entry of this Order, or the submission of the prior compliance report; and (c) photographs showing the Non-Discrimination Policy posted as required by § III, *supra*.

13.  Defendants shall notify counsel for the United States in writing within fifteen (15) days of receipt of any written or oral complaint against any Defendant regarding housing discrimination. If the complaint is written, Defendants shall provide a copy of it with the notification. The notification shall include the full details of the complaint, including the

---

[1] All correspondence required to be sent to the United States under the provisions of this Order shall be sent to: Chief, Housing and Civil Enforcement Section, Civil Rights Division, U.S. Department of Justice, Attn: DJ 175-46-137, at the following address:

Regular U.S. Mail:   950 Pennsylvania Avenue, NW – NWB
                                 Washington, D.C.  20530
Overnight Mail:        1800 G Street, NW
                                 Suite 7002
                                 Washington, D.C.  20006

complainant's name, address, and telephone number. Defendants shall promptly provide the United States all information responsive to any request pertaining to any such complaint, and shall inform the United States in writing within fifteen (15) days of the terms of any resolution of such complaint.

14. Defendants shall preserve all records related to this Order and to the rental housing they own and/or manage. Such documents include, but are not limited to, advertisements, applications, leases, and tenant files. Upon reasonable notice to Defendants, Defendants shall permit representatives for the United States to inspect and copy any records related to this Order so as to determine compliance with the Order; provided, however, that the United States shall endeavor to minimize any inconvenience to Defendants.

15. The United States may take steps to monitor Defendants' compliance with the Consent Order including, but not limited to, conducting fair housing tests at the rental housing owned and/or managed by Defendants to determine if Defendants are violating any part of this Order.

## VI.  ACQUISITION OR TRANSFER OF INTEREST IN DWELLINGS

16. Any Defendant who acquires a direct or indirect ownership interest in, or management control over, a residential rental property shall notify counsel for the United States within ten (10) days of that acquisition, by facsimile[2] or email[3], and by mail. Any such rental and any associated individuals involved in the rental or management of such rental shall be covered by the terms of this Order.

---

[2] Notice via facsimile is to be sent to (202) 514-1116. Any submission must reference the case name ("United States v. Brinson") and/or DJ 175-46-137.

[3] Notice via email is to be sent to undersigned counsel for the United States, unless otherwise directed.

Case 3:15-cv-00359-HDM-VPC   Document 38   Filed 06/14/16   Page 7 of 20

17. If at any time while this Consent Order remains in effect, any Defendant decides to sell or otherwise transfer the entirety of their interest in any rental property owned and/or managed, in full or in part, by either Defendant, to a bona-fide third-party purchaser in an arm's length transaction, Defendant shall take the following steps:

    a. At least thirty (30) days prior to completion of the sale or transfer, provide the United States written notice of the Defendant's intent to sell or otherwise transfer interest in the property or management services thereof, including the prospective transferee's name, address and telephone number;

    b. Within thirty (30) days following completion of the sale or other transfer, the Defendant shall provide the United States a copy of the documents memorializing the transfer in interest of the property;

    c. If Defendants comply with Paragraph 17 a-b, and transfer all ownership, management, or other financial interest to one or more properties covered by this Order to an arms-length purchaser or other transferee, then Defendants shall thereafter be relieved of obligations under this Consent Order with respect to the those dwelling units or property in which all interest was so transferred. Defendants remain bound by Sections II (General Injunction), VII (Monetary Payment), VIII (Civil Penalty), and IX (Settlement Fund).

    d. For purposes of this Order, "arms-length transaction" is defined as a transaction that has been arrived at in the marketplace between independent, non-affiliated persons, unrelated by blood or marriage, with opposing economic interests regarding that transaction. If the proposed transfer of interest is not an arms-length transaction, the Defendants shall remain jointly and severally liable,

7

along with the purchaser or other transferee, for the obligations or violations of this Order for its duration.

### VII. MONETARY RELIEF

18. Defendants shall pay a total sum of $14,000 (fourteen thousand dollars) in settlement of the case to Barbie Tese, Stephen Tese, and the three Tese minor children. Within sixty (60) days of the date of the entry of this Order, Defendants shall deliver checks payable pursuant to the written instructions to be provided by counsel for the United States to Holly A. Vance, Assistant United States Attorney, 100 West Liberty Street, Suite 600, Reno, Nevada 89501.

19. Upon receipt of the checks, the United States shall send to Defendants executed releases (attached as **Appendix C**) of all claims, legal or equitable, that Barbie Tese, Stephen Tese, and their three minor children may have against Defendants relating to the claims asserted in this lawsuit, and shall thereafter deliver the checks to the Teses.

### VIII. SETTLEMENT FUND

20. Within sixty (60) days of the date of entry of this Consent Order, Defendants shall deposit in an interest-bearing escrow account the total sum of $10,000 (ten thousand dollars) for the purpose of compensating the aggrieved persons whom the Court determines were harmed by the Defendant or Defendants' discriminatory practices (hereinafter "aggrieved persons"). This money shall be referred to as the "Settlement Fund."

21. Any interest accruing to the fund shall become a part of the Settlement Fund and be utilized as set forth herein.

22. All expenses related to the establishment of the account referenced in paragraph 20, *supra*, shall be borne by the Defendants.

23. Within thirty (30) days after the entry of this Order, Defendants shall publish the notice set forth in **Appendix D** in the *Nevada Appeal*. This notice shall be no smaller than 3 columns by 6 inches and shall be published on three occasions in the classifieds section. The publication dates shall be separated from one another by at least 21 days, and at least 2 of the publication dates shall be Sunday. All of the costs associated with this notice, its publication, and distribution shall be borne by Defendants.

24. Within thirty (30) days after the entry of this Order, Defendants shall provide a copy of the notice set forth in **Appendix D** to all current residents of all residential rental properties owned and/or managed in full or in part by any defendant, since January 1, 2006, and former residents to the extent Defendants have their contact information. To the extent a former resident is deceased, or a current resident is incapacitated, Defendants shall send a copy of the notice set forth in **Appendix D** to the last known next of kin or other responsible party identified in Defendants' records.

25. Within thirty (30) days after the entry of this Order, Defendants shall make available to the United States for inspection and copying all resident records for of all residential rental properties owned and/or managed in full or in part by any defendant, since January 1, 2006, for the United States' use in identifying potential aggrieved persons. Such records shall include, but not be limited to, records relating to resident complaints and records relating to lease violations involving children.

26. Nothing in this Order shall preclude the United States from making its own efforts to locate and provide notice to potential aggrieved persons (such as conducting door-to-door interviews of current residents).

27. Within 180 days of the entry of this Consent Order, the United States shall make a determination as to which additional persons are aggrieved and an appropriate amount of damages that should be paid to each aggrieved person. Defendants shall permit the United States, upon reasonable notice, to review and copy any records that may facilitate its determinations regarding the claims of allegedly aggrieved persons. The United States will inform Defendants in writing of its determinations, and provide a copy of a sworn declaration from each aggrieved person setting forth the factual basis of the claim. With respect to any identified aggrieved persons, Defendants shall have 14 days to review the declarations and provide to the United States any documents or information that they believe may refute the claims. After considering such documents and/or information, the United States will make the final decision regarding the identity of, and amount payable to each aggrieved person, and give notice of the distribution to the Court. Within ten (10) days after the filing of the notice of distribution, the Defendants shall deliver to the United States checks payable to the aggrieved persons in the amount listed in the notice of distribution, provided the aggrieved person has executed a release in the form of **Appendix C**.

28. In no event shall the aggregate of all such checks exceed the amount of the Settlement Fund, including any accrued interest.

29. In the event that less than the total amount in the Settlement Fund including accrued interest is distributed to persons deemed aggrieved by the United States, the Court shall order the remainder of the Settlement Fund to be distributed to a qualified organization(s) for the purpose of conducting fair housing enforcement or educational activities in the Reno and Carson City, Nevada areas. Before selecting the qualified organization(s), the Defendants will obtain a proposal from the organization(s) on how the

10

funds will be used consistent with the above-stated purpose, submit such proposal to the United States, and consult with and obtain the non-objection of the United States. The United States and the Defendants may request modification of the proposal before approving the organization(s). The parties shall thereafter seek approval from the Court to distribute the remaining funds to the qualified organization(s). The qualified organization(s) receiving the funds shall submit to the United States and Defendants a detailed report on how the funds are utilized within one year of receipt of funds, and every year thereafter until the funds are exhausted.

### IX. CIVIL PENALTY

30. Within sixty (60) days of the date of entry of this Consent Order, Defendants shall pay a total of $12,000 (twelve thousand dollars) to the United States as a civil penalty, pursuant to 42 U.S.C. § 3614(d)(1)(C). The payment shall be in the form of an electronic funds transfer pursuant to written instructions to be provided by the United States.

31. In the event that any Defendant or any of their officers, agents, or employees is found liable for any future violation of the Fair Housing Act, such violation shall constitute a "subsequent violation" pursuant to 42 U.S.C. § 3614(d)(1)(C)(ii).

### X. SCOPE AND DURATION OF CONSENT ORDER

32. The provisions of this Consent Order shall apply to Defendants, their employees, agents, successors, and all persons acting in active concert or participation with them.

33. This Order is effective immediately upon its entry by the Court and shall remain in effect for five (5) years from the date of entry.

34. The Court shall retain jurisdiction over this action for all purposes related to the enforcement of this Order throughout its term, after which time the case shall be dismissed with prejudice.

35. The United States may move the Court to extend the period in which this Order is in effect if it believes that any Defendant has likely violated one or more terms of this Order or if the interests of justice otherwise require an extension.

36. The parties to this Order shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Order prior to bringing such matters to the Court for resolution. However, in the event that any Defendant either fails to perform in a timely manner any act required by this Order or acts in violation of any provision of this Order, the United States may move the Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance or non-performance of certain acts and an award of any damages and costs that may have been occasioned by Defendant's action or inaction.

37. Any time period set forth within this Order for the performance of any act may be changed by written agreement of the parties without Court approval.

## XI.   COSTS OF LITIGATION

38. All parties shall be responsible for their own attorney's fees and costs associated with this action.

## XII.   TERMINATION OF LITIGATION HOLD

39. The parties agree that, as of the date of the entry of this Order, litigation is not "reasonably foreseeable" concerning the matters described in Paragraphs 1-4. To the extent that either party previously implemented a litigation hold to preserve documents,

12

electronically stored information, or things related to the matters described in Paragraphs 1-4, the party is no longer required to maintain such a litigation hold. Nothing in this paragraph relieves either party of any other obligations imposed by this Consent Order.

**IT IS SO ORDERED**, this 14th day of June, 2016

_____
THE HONORABLE HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE
DISTRICT OF NEVADA

13

By their signatures below, the parties consent to the entry of this Consent Order.

FOR THE UNITED STATES:

Dated: May 20, 2016

DANIEL G. BOGDEN
United States Attorney

HOLLY A. VANCE
Assistant United States Attorney
United States Attorney's Office
100 West Liberty Street, Suite 600
Reno, Nevada 89501
Tel: (775) 784-5438
Fax: (775) 784-5181

VANITA GUPTA
Principal Deputy Assistant Attorney General

SAMEENA SHINA MAJEED
Chief
R. TAMAR HAGLER
Deputy Chief
AURORA BRYANT
CHRISTOPHER BELEN
Trial Attorneys
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Northwestern Building, 7th Floor
Washington, DC 20530
Tel: (202) 305-4013
Fax: (202) 514-1116
Aurora.Bryant@usdoj.gov

FOR THE DEFENDANTS:

Dated: May 20, 2016

*[signature]*
Betty Brinson

Dated: MAY 25th, 2016

*[signature]*
Hughston Brinson

14

By their signatures below, the parties consent to the entry of this Consent Order.

FOR THE UNITED STATES:

Dated: May 26, 2016

DANIEL G. BOGDEN
United States Attorney

VANITA GUPTA
Principal Deputy Assistant Attorney General

*/s/ Holly A. Vance*
HOLLY A. VANCE
Assistant United States Attorney
United States Attorney's Office
100 West Liberty Street, Suite 600
Reno, Nevada 89501
Tel: (775) 784-5438
Fax: (775) 784-5181

*/s/ Aurora Bryant*
SAMEENA SHINA MAJEED
Chief
R. TAMAR HAGLER
Deputy Chief
AURORA BRYANT
CHRISTOPHER BELEN
Trial Attorneys
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Northwestern Building, 7th Floor
Washington, DC 20530
Tel: (202) 305-4013
Fax: (202) 514-1116
Aurora.Bryant@usdoj.gov

FOR THE DEFENDANTS:

Dated: _____

_____
Betty Brinson

Dated: _____

_____
Hughston Brinson

14

# APPENDIX A

## Nondiscrimination Policy

It is the policy of this Landlord to comply with Title VIII of the Civil Rights Act of 1968, as amended, commonly known as the Fair Housing Act, by ensuring that rental units are available to all persons without regard to race, color, religion, national origin, disability, familial status (having children under age 18), or sex. This policy means that, among other things, the owners of this property and all their agents and employees with the responsibility for renting, managing, or administering any apartments must not discriminate in any aspect of the rental of dwellings against qualified applicants or tenants. Specifically, they may not:

A. Refuse to rent, refuse to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, national origin, disability, familial status, or sex;

B. Discriminate against any person in the terms, conditions or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, national origin, disability, familial status, or sex;

C. Make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, national origin, disability, familial status, or sex;

D. Represent to persons because of race, color, religion, national origin, disability, familial status, or sex that any dwelling is not available for inspection or rental when such dwelling is in fact so available; or

E. Coerce intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his/her having exercised or enjoyed, or on account of his/her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Fair Housing Act.

Any agent or employee who fails to comply with this Nondiscrimination Policy will be subject to appropriate disciplinary action. Any action taken by an agent or employee that results in unequal service to, treatment of, or behavior toward tenants or actual or potential applicants on the basis of race, color, religion, national origin, disability, familial status, or sex may constitute a violation of state and federal fair housing laws.

Any tenant or applicant who believes that any of the above policies have been violated by any owner, agent, or employee may contact the U.S. Department of Housing and Urban Development at 1-888-799-2085, or the U.S. Department of Justice at 1-800-896-7743 or 202-514-4713.

**APPENDIX B**

**Certification of Completion of Training**

On _____, I successfully completed an in-person training on the requirements of the federal Fair Housing Act, 42 U.S.C. §§ 3601-3631, including the prohibition against discrimination based on familial status, in compliance with the Consent Order entered by the United States District Court for the District of Nevada in *United States v. Brinson*. I certify that I fully understand my obligations under that Consent Order.

_____
Signature

_____
Print name

_____
Job Title/Position

_____
Date

# APPENDIX C

## Full and Final Release of Claims

In consideration for the parties' agreement to the terms of the Consent Order entered in *United States v. Brinson*, as approved by the United States District Court for the District of Nevada, and in consideration for the payment of $_____, I, _____ [print name], do hereby agree, to remise, release, and forever discharge any and all claims of any kind, nature or description whatsoever, related to the facts at issue in the litigation referenced above, or in any way related to that litigation, up to and including the date of the entry of the Consent Order, that I may have against Defendants Betty Brinson, Hughston Brinson, and their agents, employees, officers, members, executors, spouses, administrators, successors, insurers, and assigns.

I acknowledge and understand that, by signing this Release, I am waiving any right to pursue my own legal action against Defendants Betty Brinson and Hughston Brinson based on the discrimination alleged by the United States in this case.

I also acknowledge that I have been informed that I may review the terms of this Release with an attorney of my choosing, and to the extent that I have not obtained legal advice, I voluntarily and knowingly waive my right to do so.

I waive any claims I may have against the United States, the Department of Justice, or its agents or employees, arising out of this action. This Release constitutes the entire agreement between Defendants Betty Brinson, Hughston Brinson, and me, without exception or exclusion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this \_\_\_ day of _____, 20\_\_.

_____
Signature

_____
Print Name

_____
_____
Address

17

# APPENDIX D

## NOTICE TO PUBLIC

On _____, 2016, the United States District Court for the District of Nevada entered a consent order resolving litigation brought by the United States Department of Justice in Carson City, Nevada. The litigation alleged that the Defendants, Betty Brinson and Hughston Brinson, discriminated against residents on the basis of familial status by refusing to rent to families with children and by placing discriminatory advertisements. The parties have agreed to this Consent Order to avoid litigation.

Under this Consent Order, you may be entitled to receive monetary relief if you have or had children in your household and were discriminated against on that basis while residing or seeking to reside at any of the following properties:

- 704 W. Caroline St.
- 818 N. Minnesota St.
- 916 N. Minnesota St.
- 920 N. Minnesota St.
- 950 N. Minnesota St.
- 360 Bath St.
- 140 E. Park St.
- 144 E. Park St.
- 801 N. Carson St.
- 1421 N. Carson St.

Discrimination may include being turned away from renting because of the presence of children in your household, or being evicted or threatened with eviction because of the presence of children in your household.

If you believe that you have been discriminated against, please contact the United States Department of Justice at 1-800-896-7743, mailbox number 991, or write or send an email to:

United States Department of Justice
Attn: DJ # 175-46-137

Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave., NW – G Street
Washington DC 20530
Email address: fairhousing@usdoj.gov